**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

DORA JACKSON, on behalf of       :
herself and all others similarly      :
situated,                                :

                            :    **C. A. No.** _____
          **Plaintiff,**        :
                            :    **Class Action**
   **v.**                           :
                            :    **Jury Trial Demanded**
WAL-MART STORES, INC., a       :
Delaware corporation, and        :
SAM'S WEST, INC., a Delaware    :
corporation,                          :
                            :
        **Defendants.**       :

## NOTICE OF REMOVAL OF CIVIL ACTION

      Defendants, Wal-Mart Stores, Inc., and Sam's West, Inc., by and through their

undersigned attorneys, pursuant to 28 U.S.C. §§ 1332(d)(2), 1441, 1446 and 1453, hereby file

this Notice of Removal of the above-captioned action from the Superior Court of the State of

Delaware in and for New Castle County to the United States District Court for the District of

Delaware. The grounds for removal are as follows:

      1.      Plaintiff Dora Jackson, on behalf of herself and all others similarly situated, filed

this putative class action on April 4, 2005, against defendants, Wal-Mart Stores, Inc., and Sam's

West, Inc. Defendants were served by service on Corporation Service on April 15, 005.

Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served to date upon

the Defendants, including Plaintiff's Complaint, are attached hereto as Exhibit "A".

      2.      In the Complaint, Plaintiff alleges that she is a resident of the State of Delaware

(Compl. ¶ 5) and therefore she is a citizen of the State of Delaware. Plaintiff further alleges that

she brought the action as a class action "on behalf of herself and other similarly situated" and

seeks to represent the following Class:

> all current and former hourly-paid employees of Wal-Mart Stores,
> Inc. in the State of Delaware and all current and former hourly-
> paid employees of Sam's West, Inc. in the State of Delaware from
> January 1, 1997 to the present whom Defendants failed to
> compensate for all hours worked and who were not provided
> accurate itemized wage statements, excluding: 1) all employees
> who hold or held salaried positions; and 2) all personnel managers.
> (Compl. ¶ 10).

3.      Sam's West, Inc., is an Arkansas corporation with its principle place of business in Arkansas, and is therefore a citizen of Arkansas.

4.      Pursuant to the Class Action Fairness Act of 2005, Public L. No. 109-2, 119 Stat. 4 (2005), the U.S. district court has original jurisdiction of any civil action in which the matter in controversy exceeds the sum of $5,000,000, exclusive of interest and costs, and is a class action in which, *inter alia*, any member of a class of plaintiffs is a citizen of a State different from any defendant. 28 U.S.C. § 1332(d)(2)(A).

5.      In the instant action, Plaintiff is a citizen of the State of Delaware and defendant Sam's West, Inc., is a citizen of a different State, *to wit*, the State of Arkansas. Accordingly, the diversity of citizenship requirements of 28 U.S.C. § 1332(d)(2)(A) have been satisfied.

6.      Defendants have a good faith belief, and therefor aver, based on the allegations of Plaintiff's Complaint and the types of relief requested therein, that the amount in controversy exceeds the sum of $5,000,000 and therefore satisfies the amount in controversy requirement of 28 U.S.C.§ 1332(d)(2)(A). In particular, Plaintiff's Complaint alleges:

a.      Plaintiff's proposed Class covers the period from January 1, 1997 to the present, a period of more than eight years, and includes "thousands of potential class members" (Compl. ¶ ¶ 10, 11(a));

b.      Plaintiff alleges that defendants deleted "thousands of hours of time worked from employees' payroll records during the relevant time frame" (Compl. ¶ 2);

c.    Plaintiff alleges that Wal-Mart Stores, Inc., transacts "hundreds of millions of dollars of business -- if not more-- within the State of Delaware," and that Sam's West, Inc., transacts "millions of dollars of business -- if not more-- in the State of Delaware" (Compl. ¶ ¶ 6, 7);

d.    In addition to compensatory damages and liquidated damages, and a statutory award of reasonable attorneys' fees and costs, Plaintiff seeks "exemplary and/or punitive damages in an amount to [sic.] commensurate with Defendnats' ability to pay and to deter future illegal conduct." (Compl., Prayer for Relief ¶ 5).  In that connection, Plaintiff alleges that Defendants "generated approximately $256 billion in revenues for the fiscal year 2004, an increase of 11.6% from the previous year" and that "net income from continuing operations during the same period rose 13.3% to $8.9 billion."  (Compl. ¶ 14).

7.    Pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(6), the claims of the individual class members shall be aggregated to determine whether the amount in controversy exceeds the sum or value of $5,000,000.   For purposes of determining the amount in controversy, a request for punitive damages may be aggregated with claims for compensatory damages and will satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of the Plaintiff's claim is below the statutory minimum.  Golden v. Golden, 382 F.3d 348 (3rd Cir. 2004).  The size of the defendant corporation is a factor to be considered in assessing the potential size of punitive damages for this purpose.  Corecomm-ATX, Inc. v. AT&T Corp.,  2002 WL 1023155 (E.D.Pa. May 22, 2002)(Waldman, J.).

8.    This Notice of Removal of Civil Action has been timely filed within thirty (30) days from the date of service of a copy of the initial pleading on Defendants on April 15, 2005, as required by  28 U.S.C. § 1446(b).

WHEREFORE, defendants Wal-Mart Stores, Inc., and Sam's West, Inc., hereby remove this civil action from the Superior Court of the State of Delaware in and for New Castle County to the United States District Court for the District of Delaware.

WOLF, BLOCK, SCHORR and SOLIS-COHEN, LLP

By: _____
      Barry M. Klayman (#3676)
      1100 North Market Street, Suite 1001
      Wilmington, DE 19801
      Telephone: (302) 777-0313
      Fax: (302) 778-7813

Attorneys for Defendants, Wal-Mart Stores, Inc. and Sam's West, Inc.

Dated: May 5, 2005

# EXHIBIT "A"

## SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (CIS)

COUNTY:    (N)    K    S        CIVIL ACTION NUMBER: 05C- 04-027 CHT

CIVIL CASE CODE: CACT        CIVIL CASE TYPE: Class Action
                                                    (See reverse side for code and type)

| CAPTION: | NAME AND STATUS OF PARTY FILING DOCUMENTS: |
|---|---|
| DORA JACKSON on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>WAL-MART STORES, INC., a Delaware corporation and SAM'S WEST, INC., a Delaware corporation,<br><br>        Defendants. | Dora Jackson on behalf of herself and all others similarly situated, Plaintiff.<br>DOCUMENT TYPE: (e.g., Complaint; Answer with Counterclaim)<br><br>COMPLAINT<br><br>Non-Arbitration ____X____ Efile _____<br>(Certificate of Value may be required)<br><br>Arbitration _____ Mediation_____ Neutral Assessment ____<br><br>DEFENDANT (Circle One)    ACCEPT    REJECT<br><br>JURY DEMAND  YES__X___  NO _____<br><br>TRACK ASSIGNMENT REQUESTED: (CIRCLE ONE):<br><br>    EXPEDITED   ( STANDARD )   COMPLEX |
| ATTORNEY NAME(S):<br>GARY S. NITSCHE, P.A.<br><br>ATTORNEY ID(S):<br><br>FIRM NAME:<br>WEIK, NITSCHE, DOUGHERTY & COMPONOVO<br><br>ADDRESS:<br>1300 N. Grant Avenue, Suite 101<br>P. O. Box 2324<br>Wilmington, DE  19899<br><br>TELEPHONE NUMBER:<br>(302) 655-4040<br><br>FAX NUMBER:<br>(302) 654-4892<br><br>E-MAIL ADDRESS:<br>gnitsche@attys4u.com | IDENTIFY ANY RELATED CASES NOW PENDING IN THE SUPERIOR COURT BY CAPTION AND CIVIL ACTION NUMBER INCLUDING JUDGE'S INITALS<br><br>_____<br><br>_____<br><br>EXPLAIN THE RELATIONSHIP(S): _____<br><br>_____<br><br>_____<br><br>OTHER UNUSUAL ISSUES THAT AFFECT CASE MANAGEMENT: _____<br><br>_____<br><br>(IF ADDITIONAL SPACE IS NEEDED, PLEASE ATTACH PAGES) |

**THE PROTHONOTARY WILL NOT PROCESS THE COMPLAINT, ANSWER OR FIRST RESPONSIVE PLEADING IN THIS MATTER FOR SERVICE UNTIL THE CASE INFORMATION STATEMENT (CIS) IS FILED.  THE FAILURE TO FILE THIS CIS AND TO HAVE THE PLEADING PROCESSED FOR SERVICE MAY RESULT IN THE DISMISSAL OF THE COMPLAINT OR MAY RESULT IN THE ANSWER OR FIRST RESPONSIVE PLEADING BEING STRICKEN.**

4-12-05

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

DORA JACKSON, on behalf of      )
herself and all others similarly )
situated,                        )
                                 )
              Plaintiff,         )    C.A. No. 05C-04-27
                                 )    CHT
       v.                        )    NON-ARBITRATION CASE
                                 )
WAL-MART STORES, INC., a Delaware )   JURY TRIAL DEMANDED
corporation and SAM'S WEST, INC., )
a Delaware corporation,          )
                                 )
              Defendants.        )

RECEIVED 2005 APR -4 P 5:34 DELAWARE JUDICIARY

TO:    SHERIFF OF NEW CASTLE COUNTY

### P R A E C I P E

PLEASE ISSUE SUMMONS, COMPLAINT, FORM 30 INTERROGATORIES for

service of process upon the Defendant Wal-Mart Stores, Inc., a Delaware corporation,

through their registered agent, Corporation Service Company, at 2711 Centreville Road,

Suite 400, Wilmington, Delaware  19805.

PLEASE ISSUE SUMMONS, COMPLAINT, FORM 30 INTERROGATORIES for

service of process upon the Defendant, Sam's West, Inc., a Delaware corporation,

through their registered agent, Corporation Service Company, at 2711 Centreville Road,

Suite 400, Wilmington, Delaware  19805.

WEIK, NITSCHE, DOUGHERTY & COMPONOVO

BY: _____
    GARY S. NITSCHE, P.A.
    1300 N. Grant Avenue, Suite 101
    P. O. Box 2324
    Wilmington, DE  19899
    (302) 655-4040
    Attorney for Plaintiff

(2) writs issued

Shircia 33770 $35.00

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

DORA JACKSON, on behalf of            )
herself and all others similarly      )
situated,                             )
                                      )
            Plaintiff,                )      C.A. No. 05C-04-027 CHT
                                      )
      v.                              )      NON-ARBITRATION CASE
                                      )
WAL-MART STORES, INC., a Delaware     )      JURY TRIAL DEMANDED
corporation and SAM'S WEST, INC.,     )
a Delaware corporation,               )
                                      )
            Defendants.               )

## CLASS ACTION COMPLAINT

### INTRODUCTION

Plaintiff, Dora Jackson, ("Plaintiff"), on behalf of herself and all others similarly situated, complains, and alleges as follows:

### NATURE OF THIS ACTION

1.      This class action is brought against Wal-Mart Stores, Inc. (including all Delaware Wal-Mart stores and Supercenters) and Sam's West, Inc. (collectively, "Wal-Mart" or "Defendants") for its systematic failure to pay its hourly employees for all time worked, including overtime hours, as well as Wal-Mart's failure to provide employees with accurate itemized wage statements as required by law.

2.      Plaintiff has recently discovered substantial evidence, including the videotaped admission of a Wal-Mart executive and certain internal Wal-Mart memoranda, showing that Wal-Mart deleted thousands of hours of time worked from employees' payroll records during the relevant time frame—a practice known in the industry as "time shaving." Plaintiff believes Wal-Mart perpetrated this practice in at

least four different ways: (1) altering employee records to make it appear as if the employees' workdays ended one minute after their meal period concluded, effectively denying employees their pay for the three or four hours of work they performed after the meal period (i.e. the "one-minute clock out" practice); (2) deleting overtime hours that employees worked in excess of forty hours (i.e. "the 40 hour club"); (3) deleting employee punches so that employees would not be paid for an entire day or afternoon of work; and (4) altering employee time records to make it appear as if employees took meal periods when in fact they did not, resulting in unauthorized deductions from the employees' paychecks.

3.    Hourly employees were never aware of these wrongful time shaving practices because Wal-Mart wrongfully and willfully concealed such facts from Plaintiff who did not discover them until April 4, 2004, when the New York Times published an article in which Wal-Mart admitted for the first time that it had surreptitiously deleted hours from employees' time records—in effect, stealing money from its own employees.

4.    As a result of Wal-Mart's wrongful and illegal conduct, Plaintiff seeks redress on behalf of all persons who are or who have been employed in Delaware by Wal-Mart Stores, Inc. and Sam's West, Inc. as an hourly employee at any time on or after January 1, 1997.  Plaintiff, on behalf of herself and the proposed Class members also seeks injunctive relief and restitution of all benefits that Defendants have obtained as a result of their failure to pay hourly employees for all hours worked, including overtime hours.

## THE PARTIES

2

5.      Plaintiff, Dora Jackson, ("Plaintiff") is a Delaware resident who worked at the Wal-Mart Store in Camden, Delaware during the relevant time period. On multiple occasions during her employment with Wal-Mart, Plaintiff Dora Jackson was not properly compensated for all time worked (including regular and overtime hours) and was not provided with accurate itemized wage statements.

6.      Defendant Wal-Mart Stores, Inc. is a Delaware corporation with its headquarters in Bentonville, Arkansas. Wal-Mart Stores, Inc. is a corporation transacting hundreds of millions of dollars of business—if not more—within the State of Delaware. Wal-Mart Stores, Inc. operates approximately 7 retail stores in Delaware.

7.      Sam's West, Inc., a wholly-owned subsidiary of Defendant Wal-Mart Stores, Inc., transacts millions of dollars of business—if not more—within the State of Delaware. Sam's West, Inc. (hereinafter "Sam's Club") operates approximately 1 Sam's Club in Delaware. Sam's Club is an operating segment of Wal-Mart Stores, Inc.

8.      At all times herein mentioned, each of the Defendants were the agents and/or employees of each of the other Defendants and was at all times acting within the purpose and scope of such agency and employment.

9.      At all times herein mentioned, the acts charged in this Complaint as having been done by Defendants were committed, authorized, ordered, ratified, and/or done by the Defendants' officers, agents, employees, and/or designated and/or authorized representatives, while actively engaged in the management of the Defendants' businesses and/or affairs and while acting with real and/or apparent authority of the Defendants.

## CLASS ACTION ALLEGATIONS

3

10.    Plaintiff brings this case as a class action pursuant to Superior Court Rules of Civil Procedure, Rule 23 on behalf of herself and others similarly situated.  The Class that Plaintiff seeks to represent is defined as follows:

> all current and former hourly-paid employees of Wal-Mart Stores, Inc. in the State of Delaware and all current and former hourly-paid employees of Sam's West, Inc. in the State of Delaware from January 1, 1997 to the present whom Defendants failed to compensate for all hours worked and who were not provided accurate itemized wage statements, excluding: 1) all employees who hold or held salaried positions; and 2) all personnel managers (the "Class").

11.    This action is brought and may be properly maintained as a class action pursuant to Superior Court Rules of Civil Procedure, Rule 23 because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

a.    <u>Numerosity</u>:  Plaintiff believes there are thousands of potential Class members. Thus, the members of the Class are so numerous that joinder of all members is impractical.

b.    <u>Commonality</u>: There are questions of law and feet common to the Plaintiff and the Class that predominate over any questions that affect only individual members of the Class. These common questions of law and fact include, but are not limited to:

i.    Whether Wal-Mart is liable for conversion as a result of failing to pay Plaintiff and the proposed Class members for all hours worked;

ii.    Whether Wal-Mart violated 19 Del. C. § 1108 by failing to provide employees with a wage statement that accurately reflects the total number of hours the employees actually worked;

4

iii.    Whether Wal-Mart violated 19 Del. C. § 902 by failing to pay employees at least the minimum wage for all time worked;

iv.    Whether Wal-Mart violated 19 Del. C. § 902, 19 Del. C. § 1102 and 19 Del. C. § 707 as a result of its time shaving practices and/or its failure to pay Plaintiff and proposed Class members for all hours worked;

v.    Wal-Mart's Associate Database contains virtually all of the data from which Plaintiff can objectively establish that Wal-Mart's uniform time shaving practices routinely occurred on a class-wide basis in Delaware. Among other things, Wal-Mart's electronic database will show (i) the manager-created time shaving practices; (ii) the amount of time improperly deleted; (iii) the employees' scheduled hours (to determine the amount of time for which the employees should have been paid); (iv) whether employees were ever paid for deleted time; and (v) even the date on which an employee stopped working for Wal-Mart.

c.    <u>Typicality</u>:    Plaintiff's claims are typical of the claims of the members of the Class. Like the proposed Class members, Plaintiff sustained damages and was harmed as a result of Defendants' common course of conduct that violated Delaware law and policy as herein described.

d.    <u>Adequacy of Representation</u>: Plaintiff will fairly and adequately protect the interests of the Class members. Plaintiff has no conflict of interest with any member of the Class. Plaintiff has retained counsel competent and experienced in complex, class action litigation.

e.    <u>Superiority of Class Action</u>: Class action treatment is superior to any alternatives to ensure the fair and efficient adjudication of the controversy alleged

5

herein. Each Class Member has been damaged and is entitled to recovery as a result of Defendants' illegal and wrongful policies and/or practices of failing to pay wages and to provide accurate itemized wage statements as required by law. Class action treatment will therefore allow those similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.  The Class members are readily identifiable from Defendants' payroll records, time records, and electronic databases.

12.    Wal-Mart's actions are generally applicable to the entire Class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the Class as a whole. Prosecution of separate actions by individual members of the Class creates the risk of inconsistent or varying adjudications of the issues presented herein, which, in turn, would establish incompatible standards of conduct for defendants.

13.    Wal-Mart's wrongful and unlawful conduct has been widespread, recurring and uniform at their Delaware stores. Wal-Mart knew or should have known that its hourly employees, including Plaintiff and the Class, were performing work on its belief that was not compensated as required by law. Absent a class action, Wal-Mart will likely continue its wrongdoing resulting in further damage to Plaintiff and the Class.

### **FACTUAL ALLEGATIONS**

14.    Wal-Mart generated approximately $256 billion in revenues for the fiscal year 2004, an increase of 11.6% from the previous year. Net income from continuing operations during the same period rose 13.3% to $8.9 billion. At last count, Wal-Mart had over 15 million employees nationwide.

6

15.    One of Wal-Mart's largest expenses is the payroll of their hourly-paid employees. Although Defendants claim to "respect the individual," they unfairly utilize their hourly-paid employees to obtain higher profitability. One of Defendants' methods for obtaining such profitability, since at least January 1, 1997, is the creation and implementation of a system that fails to properly compensate hourly-paid employees in Delaware for all hours worked.

16.    The work performed by Plaintiff and the Class Members for which they were not properly compensated was for the benefit of Wal-Mart and was not de minimis or incidental.

17.    Wal-Mart has adopted, and is using, unfair business practices to minimize hourly-paid employees' compensation and increase profits. Some of these unfair business practices include failing to pay hourly-paid employees for all hours worked, understaffing Defendants' stores, and manipulating time and wage records to reduce the amounts paid to hourly-paid employees below the wages actually due and owing.

18.    Wal-Mart directed its store managerial personnel and/or knew or should have known that its store managerial personnel routinely deleted time from hourly employees' payroll records by: (1) an unlawful one-minute clock-out practice; (2) altering time records to make it appear as if employees took meal periods of 30 or 60 minutes in length when in fact they did not, thereby deducting time worked from employees' paychecks without proper written authorization from the employees; (3) deleting overtime hours from payroll and time records (a/k/a "The 40 Hour Club"); (4) deleting employee punches so that employees would not be paid for an entire day or afternoon of work; and (5) various other unlawful means.

## FRAUDULENT CONCEALMENT

19.    On April 4, 2004, the New York Times published an article in which Wal-Mart admitted for the first time that it had surreptitiously deleted hours from employees' time records—in effect, stealing money from its own employees. See Exhibit A attached hereto. The practice, known as "time shaving," is "easily done and hard to detect," according to the article. Wal-Mart also admitted that as early as April 2003, it had created and circulated to all of its United States store managerial personnel a videotape and a newly-revised "payroll integrity" policy memorandum discussing this unlawful practice. *Id.*

20.    Prior to the New York Times article, Plaintiff was unaware of the particulars of Wal-Mart's unlawful time shaving practice, the existence of the payroll videotape, or the revised "payroll integrity" policy memorandum.

21.    In July 2004, Plaintiff became aware of a videotape, which revealed that in addition to the "one-minute clock out" practice, Wal-Mart also engaged in another form of time shaving by which Wal-Mart deleted certain employee punches so that the affected employees would not be paid for an entire afternoon of work.  As Wal-Mart admitted on the videotape, by deleting the "final punch ... that's four hours [the employee] wasn't paid for." *Id.*

22.    Sometime thereafter, Plaintiff became aware of another videotape in this instance, of a speech by another of Wal-Mart's top executives, Don Swann, to personnel managers at Wal-Mart's 2003 Annual Shareholders' Meeting. In the videotape, Mr. Swann acknowledges yet another widespread time shaving practice at

8

Wal-Mart—namely, deleting overtime so that employees did not earn over 40 hours ("the 40 Hour Club")—and explains that store managers felt pressured to practice it.

23.    Around the same time, Plaintiff became aware of an April 2003 training memorandum concerning the widespread "one-minute clock out" practice that was referenced in the April 2004 New York Times article.  This training memorandum was sent to all United States personnel managers.  Specifically, all Wal-Mart and Sam's Club personnel managers were instructed that:

> Wal-Mart must pay Associates for all the time they work. Wal-Mart is also responsible for maintaining records that accurately document the time worked by Associates.
>
> When an Associate fails to clock in and out correctly, leaving an odd number of punches, Wal-Mart is left with an incomplete time record,[I]n order to close out the daily payroll, a decision must be made as to how many hours the Associate probably worked based on the records that are available at that time. The only records available at this time are the punch, which shows when the Associate reported in to work, and the shift schedule, which shows what the Associate was expected to work.
>
> Based solely on these records, the most reasonable conclusion is that the Associate worked the full shift. In contrast, there are no records to support the assumption that the Associate either did not work after clocking in or that the Associate left after one minute. Accordingly, eliminating the punch or advancing the time record one click is not an appropriate method to handle the incomplete time record.

24.    Until the April 2004 New York Times article, Plaintiff did not know that the one-minute clock out practice was used to deprive its employees of earned wages.  In fact, the New York Times article identified for the first time the method by which Wal-Mart systematically deleted time worked from its records.  Importantly, Plaintiff was unable to confirm that Wal-Mart was shaving time from payroll until July 2004 when

Wal-Mart finally produced some corporate documents revealing the existence of that practice.

25.     Prior to this time, Plaintiff was unaware that Wal-Mart had a company-wide practice of regularly deleting several hours of pay from unsuspecting hourly employees by surreptitiously clocking them out one minute after they had returned from a break, by deleting certain clock-in punches, or by adding meal periods without employees' written authorization.  Nor did Plaintiff have any way of unearthing these time shaving methodologies.

26.     However, beginning at least as early as January 1, 1997, Wal-Mart knew the facts concerning its wrongful time shaving practices and its resultant failure to pay Plaintiff and Class members for all hours worked, yet Wal-Mart willfully concealed those facts from Plaintiff and the Class members who did not discover them until on April 4, 2004, the date on which Wal-Mart admitted publicly for the first time that for years, it had systematically engaged in various improper time shaving practices that cheated employees out of their earned wages.

27.     Plaintiff has exercised reasonable diligence in discovering Wal-Mart's improper and illegal time shaving practices that it had been fraudulently and willfully concealing from Plaintiff and the Class members.   Given Wal-Mart's fraudulent concealment of the facts constituting the causes of action herein plead, along with its assertion that its improper time shaving practices were nothing more than a means of legitimately finalizing payroll, Plaintiff could not have reasonably discovered Wal-Mart's wrongful conduct any sooner than she did.

## PROGRESSIVE AND CONTINUING WRONGS

## FIRST CAUSE OF ACTION

### (Failure to Pay Minimum Wage: 19 Del. C. § 902)

28.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

29.    The Class Period for this cause of action is January 1, 1997 to the present.

30.    19 Del. C. § 902 states in relevant part:

(1) (a)  Every employer shall pay wages of a rate not less than $5.65 per hour effective May 1, 1999 and $6.15 per hour effective October 1, 2000 to every employee in any occupation, except as may be otherwise provided under this chapter.  Upon the establishment of a federal minimum wage in excess of the State minimum wage, the minimum wage in this State shall be equal in amount to the federal minimum wage, except as may otherwise be provided in this chapter.

31.    As alleged herein, Wal-Mart failed to properly compensate Plaintiff and the Class members for off-the-clock work, overtime and work during missed and/or interrupted meal and rest breaks. By its actions, Wal-Mart violated 19 Del. C. § 902 and/or 19 Del. C. § 1102 and/or 19 Del. C. §707 and is liable to Plaintiff and the Class members.

32.    As a result of Wal-Mart's unlawful acts, Plaintiff and the Class members have been deprived of compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, including interest thereon, attorneys' fees, and costs.

11

## SECOND CAUSE OF ACTION

### (Failure to Pay Wages for All Time Worked: 19 Del. C. § 1102)

33.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

34.    The Class Period for this cause of action is January 1, 1997 to the present.

35.    19 Del. C. § 1101 states: "'Wages' means compensation for labor or services rendered by an employee, whether the amount is fixed or determined on a time, task, piece, commission or other basis of calculation."

36.    19 Del. C. § 1102(b) states in relevant part: "Every employer shall pay all wages due within 7 days from the close of the pay period in which the wages were earned … ."

37.    As alleged herein, Wal-Mart failed to properly compensate Plaintiff and the Class members for all hours worked.

38.    By improperly altering hourly employees' time records to deduct time worked, Plaintiff and members of the Class have worked, and continue to work, for Wal-Mart without being paid for all hours worked.

39.    By their actions above, Wal-Mart willfully violated the provisions of 19 Del. C. § 1113 and are therefore liable to Plaintiff and the Class for unpaid wages and liquidated damages.

40.    As a result of Wal-Mart's unlawful acts as herein described, Plaintiff and the Class members have been deprived of compensation for all time worked in amounts

to be determined at trial, and are entitled to costs, attorneys' fees and any other damages as set forth under Delaware law.

## THIRD CAUSE OF ACTION

### (Conversion)

41.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

42.    The Class Period for this cause of action is January 1, 1997 to the present.

43.    Wal-Mart failed and refused to pay Plaintiff and the Class members on the next payday after they earned wages for all work performed (including regular and overtime hours).

44.    At the time wages and benefits were earned, they became the property of Plaintiff and the Class members and they also became due and payable by Wal-Mart to Plaintiff and the Class members.  Plaintiff and the Class members had a right to possess their property.  By failing to pay the earned wages and benefits to each Class member when due, Wal-Mart wrongfully converted said-property to their own use and exercised dominion and control over Plaintiff's and the Class members' property.

45.    Wal-Mart also converted Plaintiff property by deleting recorded hours from their timekeeping system and/or by deducting time worked from payroll/ time records without proper written authorization from Plaintiff and members of the Class, which necessarily meant that Plaintiff and the Class were not compensated for all time worked.

13

46.    Once Wal-Mart thereafter applied the monies, which were the equivalent to these wages, to its own use, the conversion was complete.  Plaintiff and the Class members have been denied the possession, use, and enjoyment of said monies.

47.    The monetary value and/or amount of wages and benefits converted by Wal-Mart from Plaintiff and the Class members is specific, certain, and capable of identification based on the number of uncompensated hours worked, and the time deleted from the timekeeping system.

Accordingly, Plaintiff and the Class members have been damaged in an amount certain to be determined according to the proof at trial. In failing to pay all regular and overtime compensation, retaining these wages and benefits for its own use, and in erasing time worked through surreptitious manipulation of computer data and time records, Wal-Mart has acted with malice, oppression, and/or conscious disregard for the statutory rights of Plaintiff and the Class members. Such wrongful and intentional acts justify an award of punitive damages.

## FOURTH CAUSE OF ACTION

## (Unjust Enrichment/Quantum Meruit/Restitution)

48.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

49.    By working for Wal-Mart without appropriate pay for off-the-clock work, and missed rest and meal breaks, Plaintiff and the Class members conferred a substantial benefit on Wal-Mart.  This substantial benefit massively reduced hourly wage expenses thereby increasing Wal-Mart's profitability.

14

50.    Given that Wal-Mart is a public company that thrives on increasing its profitability and increasing returns to his shareholders.  Wal-Mart appreciated the benefits received from Plaintiff and the Class.  Indeed, without Wal-Mart's clandestine wage abuse campaign, it would not be able to operate nearly as profitably.

51.    Wal-Mart accepted and retained the wages earned by Plaintiff and the Class.  Under these circumstances, it is inequitable for Wal-Mart not to be forced to return the wages earned by Plaintiff and Class members.

52.    The hours that Plaintiff and Class members worked off-the-clock and through rest and meal breaks were at the direction and behest of Wal-Mart.  Plaintiff and Class members did not perform this work voluntarily but with the expectation of earning their respective hourly wage rates and receiving their agreed upon rest and meal breaks.  Furthermore, Plaintiff and Class members provided a great deal of labor to Wal-Mart at no cost to Wal-Mart.  Thus, Wal-Mart accepted and appreciated this benefit conferred and has never properly paid Plaintiff and the Class for labor provided.

53.    Defendants are liable to Plaintiff and the Class for all hours worked off-the-clock and missed rest and meal breaks for which the Defendants have not paid Plaintiff and the Class.  Defendants have premeditatively failed and maliciously refused to pay for off-the-clock work and rest and meal breaks to Plaintiff and the Class members on the next payday after Plaintiff and Class members earned such wages.

54.    At the time wages were due and payable by Defendants to Plaintiff and Class members, the unpaid wages became the property of Plaintiff and Class members, and Plaintiff and Class members had a right to possess their property.  By failing to pay

15

the earned wages to Plaintiff and Class members when due, Defendants wrongfully obtained and held the wages earned by Plaintiff and Class members.

55.    The monies wrongfully obtained and held by Defendants conferred a substantial benefit upon Defendants. Defendants knew of and appreciated the benefit conferred upon them by their retention of Plaintiff's and the Class members' property. In wrongfully retaining the wages of the Plaintiff and Class members for their own use, and in erasing overtime and off-the-clock time worked through manipulation of computer date, Defendants have acted with malice, oppression, and/or conscious disregard for the rights of Plaintiff and Class members.

56.    Under the circumstances as alleged, it would be inequitable for Defendants to continue to retain the property of Plaintiff and the members of the Class, entitling Plaintiff and the members of the Class to the relief set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the members of the Class, prays for judgment against Defendants as follows:

1.    An Order that this action may proceed and be maintained as a class action under Superior Court Rules of Civil Procedure, Rule 23;

2.    Damages and restitution with interest according to proof for wages and other harm under 19 Del. C. § 911 and/or 19 Del. C. § 1113 and/or 19 Del. C. § 707.

3.    An award to Plaintiff and the Class members of reasonable attorneys' fees and costs pursuant to 19 Del. C. § 911 and/or 19 Del. C. § 1113  and/or  19 Del. C. § 707 and/or other applicable state laws;

4.      An order that Defendants restore and disgorge all funds and/or benefits to each member of the Class acquired by means of any act or practice declared by this Court to be unlawful, unfair or fraudulent;

5.      Exemplary and/or punitive damages in an amount to commensurate with Defendants' ability to pay and to deter future illegal conduct; and

6.      All other relief as this Court may deem proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury for all issues so triable.

DATED:  April _____, 2005

                                    WEIK, NITSCHE, DOUGHERTY & COMPONOVO

                                    BY: _____
                                           GARY S. NITSCHE, P.A.
                                           1300 N. Grant Avenue, Suite 101
                                           P. O. Box 2324
                                           Wilmington, DE  19899
                                           (302) 655-4040
                                           Attorney for Plaintiff

17

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| DORA JACKSON, on behalf of herself and all others similarly situated, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. |
| | ) | |
| v. | ) | NON-ARBITRATION CASE |
| | ) | |
| WAL-MART STORES, INC., a Delaware corporation and SAM'S WEST, INC., a Delaware corporation, | ) ) ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF VALUE

I, GARY S. NITSCHE, ESQUIRE, attorney for the Plaintiff in the foregoing action,

hereby certify in good faith at this time that in my opinion the sum of damages of the

Plaintiff is in excess of $100,000.00, exclusive of interest and Court costs.

WEIK, NITSCHE, DOUGHERTY & COMPONOVO

BY: _____

GARY S. NITSCHE, P.A.
1300 N. Grant Avenue, Suite 101
P. O. Box 2324
Wilmington, DE  19899
(302) 655-4040
Attorney for Plaintiff

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

DORA JACKSON, on behalf of          )
herself and all others similarly   )
situated,                          )
                                   )
        Plaintiff,                 )        C.A. No.
                                   )
        v.                         )        NON-ARBITRATION CASE
                                   )
WAL-MART STORES, INC., a Delaware )          JURY TRIAL DEMANDED
corporation and SAM'S WEST, INC., )
a Delaware corporation,            )
                                   )
        Defendants.                )

**PLAINTIFF'S ANSWERS TO FORM INTERROGATORIES**

1.      Give the name and present or last known residential and employment
address and telephone number of each eyewitness to the incident, which is the subject
of the litigation.

        **A.**     (a)    Ms. Dora Jackson
                          25 Mabel Dr.
                          Magnolia, DE  19962

                   (b)    Wal-Mart Stores, Inc.
                          Unidentified Personnel
                          Camden, DE  19934

2.      Give the name and present or last known residential and
employment address and telephone number of each person who has knowledge of the
facts relating to the litigation.

        **A.**     In addition to those persons listed in Answer No. 1 above:

                   None at this time.

3.      Give the names of all persons who have been interviewed in
connection with the above litigation, including the names and present or last known
residential and employment addresses and telephone numbers of the person who made

1

said interviews and the names and present or last known residential and employment addresses and telephone numbers of persons who have the original and copies of the interview.

      **A.**     None at this time.

      4.     Identify all photographs, diagrams or other representations made in connection with the matter in litigation, giving the name and present or last known residential and employment address and telephone number of the person having the original and copies thereof.

      **A.**     None at this time.

      5.     Give the name, professional address and telephone number of all expert witnesses presently retained by the party together with the dates of any written opinions prepared by said expert.  If an expert is not presently retained, described by type the experts whom the party expects to retain in connection with the litigation.

      **A.**     No experts retained at present but Plaintiff expects to retain medical experts.

      6.     Give a brief description of any insurance policy, including excess coverage, that is or may be applicable to the litigation, including:

            (a)     The name and address of all companies insuring the risk;

            (b)     The policy number(s);

            (c)     The type of insurance;

            (d)     The amounts of primary, secondary and excess coverage.

      **A.**     (a)     Unknown;

            (b)     Unknown;

            (c)     Liability;

            (d)     Unknown.

7.    Give the name, professional address, and telephone number of all physicians, chiropractors, psychologists, and physical therapist that have examined or treated you at any time during the ten-year period immediately prior to the date of the incident at issue in this litigation.

A.    To be supplied.

WEIK, NITSCHE, DOUGHERTY & COMPONOVO

BY: _____

GARY S. NITSCHE, P.A.
1300 N. Grant Avenue, Suite 101
P. O. Box 2324
Wilmington, DE  19899
(302) 655-4040
Attorney for Plaintiff

3

**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**
**IN AND FOR NEW CASTLE COUNTY**

| | | |
|---|---|---|
| DORA JACKSON, on behalf of herself and all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | C.A. No. |
| v. | ) ) | NON-ARBITRATION CASE |
| WAL-MART STORES, INC., a Delaware corporation and SAM'S WEST, INC., a Delaware corporation, | ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) | |

## FILING IN COMPLIANCE WITH SUPERIOR COURT RULE 3(h)

In compliance with Superior Court Civil Rule 3(h), Plaintiff attaches the following documentation:

(i)    Answers to Form 30 Interrogatories;

(ii)    Due to the volume of documentary evidence gathered in this case, it is impractical to attach photocopies of all documents to the complaint. Copies of all documents discoverable under this rule will be forwarded to the attorney for the defendant once an appearance is made by defendant's counsel and a written request for these documents is made.

WEIK, NITSCHE, DOUGHERTY & COMPONOVO

BY: _____
GARY S. NITSCHE, P.A.
1300 N. Grant Avenue, Suite 101
P. O. Box 2324
Wilmington, DE 19899
(302) 655-4040
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this date I caused a true and correct copy of the foregoing Notice of Removal to be served upon all counsel of record in the manner indicated, to their respective addresses as follows:

### BY FIRST CLASS MAIL, U.S. POSTAGE PREPAID:

Gary S. Nitsche, P.A.
Weik, Nitsche, Dougherty & Componovo
1300 N. Grant Avenue, Suite 101
P.O. Box 2324
Wilmington, DE 19899
Attorneys for Plaintiff

Barry M. Klayman (#3676)

Dated: May 5, 2005