IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DORA JACKSON, on behalf of herself and all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC., a Delaware corporation, and SAM'S WEST, INC., an Arkansas corporation,<br><br>      Defendants. | :<br>:<br>:<br>:  C. A. No. 05-269 - JJF<br>:<br>:  Class Action<br>:<br>:  Jury Trial Demanded<br>:<br>:<br>:<br>:<br>:<br>: |

**DEFENDANTS' OPENING BRIEF IN SUPPORT OF**
**THEIR MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

Barry M. Klayman (#3676)
WOLF, BLOCK, SCHORR and SOLIS-COHEN LLP
1100 North Market Street, Suite 1001
Wilmington, DE 19801
Telephone: (302) 777-0313
Fax: (302) 778-7813

Attorneys for Defendants, Wal-Mart Stores, Inc.
and Sam's West, Inc.

Dated: May 12, 2005

## TABLE OF CONTENTS

Page

SUMMARY OF ARGUMENT ........................................................................................................1

BACKGROUND ............................................................................................................................1

ARGUMENT ..................................................................................................................................2

    I.    PLAINTIFF'S THIRD CAUSE OF ACTION FOR CONVERSION FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED ........................2

    II.    PLAINTIFF'S FOURTH CAUSE OF ACTION FOR UNJUST ENRICHMENT/QUANTUM MERUIT/RESTITUTION FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED .....................................4

    III.    PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED TO THE EXTENT PLAINTIFF SEEKS TO RECOVER UNPAID WAGES GOING BACK MORE THAN ONE YEAR ...........................................................................................................6

CONCLUSION ...............................................................................................................................8

# TABLE OF AUTHORITIES

## CASES

Carlton Investments v. TLC Beatrice International Holdings, Inc., Civ. A. No. 13950, 1995 WL 694397 (Del. Ch. Nov. 21, 1995) .................................................................. 4

Commerce National Insurance Services, Inc. v. Buchler, Civ. A. No. 02-034-SLR, 2003 U.S. Dist. LEXIS 22429 (D. Del. Dec. 10, 2003), aff'd, No. 04-1028, 2004 U.S. App. LEXIS 24991 (3rd Cir. Dec. 6, 2004) .................................................................. 4

Compass v. American Mirrex Corp., 72 F. Supp. 2d 462 (D. Del. 1999) .................................................................. 6

In re Dean Witter Partnership Litigation, Civ. A. No. 14816, 1998 WL 442456 (Del. Ch. July 17, 1998) .................................................................. 6-7

Goodrich v. E.F. Hutton Group, Inc., 542 A.2d 1200 (Del. Ch. 1988) .................................................................. 3, 4

Grace v. Morgan, Civ. A. No. 03C-05-260-JEB, 2004 WL 26858 (Del. Super. Ct. Jan. 6, 2004) .................................................................. 5

Jackson National Life Insurance Co. v. Kennedy, 741 A.2d 377 (Del. Ch. 1999) .................................................................. 5

Little Switzerland, Inc. v. Hopper, 867 A.2d 955 (Del. Ch. 2005) .................................................................. 6

Maio v. Aetna, Inc., 221 F.3d 472 (3rd Cir. 2000) .................................................................. 3

Ransom v. Marrazzo, 848 F.2d 398 (3rd Cir. 1998) .................................................................. 3

Resources Ventures, Inc. v. Resources Management Int'l, Inc., 42 F. Supp.2d 423 (D. Del. 1999) .................................................................. 5

R.M. Williams Co., Inc. v. Frabizzio, Civ. A. No. 90C-MY-10, 1993 WL 54423 (Del. Super. Feb. 8, 1993) .................................................................. 5

Thomas v. Ford Motor Co., 70 F. Supp.2d 521 (D.N.J. 1999) .................................................................. 3

Total Care Physicians, P.A. v. O'Hara, Civ. A. No. 99C-11-201-JRS, 2002 WL 31667901 (Del. Super. Oct. 29, 2002) .................................................................. 5

## STATUTES

10 Del. C. § 8111 .................................................................. 1, 6, 8

19 Del. C. § 902 .................................................................. 5

19 Del. C. § 1102 ..................................................................................................................5

Class Action Fairness Act of 2005, Public L. No. 109-2, 119 Stat. 4 (2005)..................................2

Federal Rules of Civil Procedure, Rule 12(b)(6) ..................................................................1, 3, 4, 8

Defendants, Wal-Mart Stores, Inc., and Sam's West, Inc. (collectively, "Defendants"), by their undersigned attorneys, have moved this Honorable Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to enter an Order dismissing Plaintiff's Third Cause of Action and her Fourth Cause of Action for failure to state a claim upon which relief can be granted. Defendants have further moved this Court, pursuant to Rule 12(b)(6), to dismiss Plaintiff's claims to the extent she seeks to recover damages for the period prior to April 4, 2004, one year prior to the date on which she filed her Complaint. Defendants now submit this memorandum in support of their motion.

## SUMMARY OF ARGUMENT

For the reasons set forth below, Plaintiff's Third Cause of Action for conversion fails to state a claim upon which relief can be granted since it is a claim for the conversion of money that is not permitted under Delaware law.

Plaintiff's Fourth Cause of Action for unjust enrichment/quantum meruit/restitution also fails to state a claim upon which relief can be granted since Plaintiff has an adequate remedy at law in the form of statutory claims for minimum wages and unpaid wages.

Finally, Plaintiff cannot, as a matter of law, recover damages for conduct occurring prior to April 4, 2004, one year before the filing of her Complaint. Pursuant to 10 Del. C. § 8111, any action to recover on a claim for wages or overtime for work performed or for damages arising therefrom must be brought within one year of when the cause of action accrues. Plaintiff has not plead sufficient facts to toll the limitations period based on a theory of fraudulent concealment.

## BACKGROUND

On April 4, 2005, Plaintiff Dora Jackson ("Jackson"), on behalf of herself and all others similarly situated, filed a Class Action Complaint against Defendants, Wal-Mart Stores, Inc.

("Wal-Mart") and Sam's West, Inc. ("Sam's West"), in the Superior Court of the State of Delaware in and for New Castle County at Civil Action No. 05C-04-027 CHT.

The Complaint sought damages against Defendants for their "systematic failure to pay [their] hourly employees for all time worked, including overtime hours, as well as [their] failure to provide employees with accurate itemized wage statements as required by law." Compl. ¶ 1. The Complaint alleged that Defendants engaged in "time shaving" by, *inter alia*, (1) altering employee records to make it appear as if their workdays ended one minute after their meal period concluded (the so-called "one-minute clock out" practice); (2) deleting overtime hours that employees worked in excess of 40 hours; (3) deleting employee time clock punches so that they would not be paid for an entire day or afternoon of work; and (4) altering employee time records to make it appear as if employees took meal periods when in fact they did not. Compl. ¶ 2. The Complaint alleges that these practices were concealed from Plaintiff, who did not discover them until April 4, 2004, the date on which The New York Times published an article about these practices. Compl. ¶ 3.

On May 5, 2005, Defendants, pursuant to the Class Action Fairness Act of 2005, Public L. No. 109-2, 119 Stat. 4 (2005), removed Plaintiff's action to the federal district court. Defendants now move to dismiss her Complaint on various grounds.

## ARGUMENT

### I. PLAINTIFF'S THIRD CAUSE OF ACTION FOR CONVERSION FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Plaintiff's Third Cause of Action is for common law conversion. Plaintiff alleges that Defendants converted Plaintiff's property by failing to pay her wages as they became due and payable and by deleting recorded hours from their timekeeping system or by deducting time worked from payroll records without Plaintiff's authorization. These unpaid wages were then

allegedly "converted" by Defendants to their own use. As set forth below, Plaintiff's action for conversion fails to state a claim upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

In considering a motion to dismiss under Rule 12(b)(6), the Court may dismiss a complaint if it appears certain that the plaintiff cannot prove any set of facts in support of her claims that would entitle her to relief. Ransom v. Marrazzo, 848 F.2d 398, 401 (3rd Cir. 1988). A Rule 12(b)(6) motion to dismiss may be granted if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to the plaintiff, the plaintiff is not entitled to relief. Maio v. Aetna, Inc., 221 F.3d 472, 482 (3rd Cir. 2000). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Id. (citation omitted). Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law. Thomas v. Ford Motor Co., 70 F. Supp.2d 521, 525 (D.N.J. 1999).

It is hornbook law that an action for conversion will not lie to enforce an obligation to pay money or for money had and received for payment of a debt. No Delaware court has recognized a cause of action for the conversion of money, as opposed to goods. See, e.g., Goodrich v. E.F. Hutton Group, Inc., 542 A.2d 1200, 1203 (Del. Ch. 1988) (dismissing claim for conversion of money). In Hutton, the named plaintiff in a class action alleged that a brokerage firm converted moneys through the accrual of interest on a "float." The brokerage firm had allegedly paid its customers with checks drawn on geographically remote banks in order to intentionally delay the receipt by customers of their funds. The Court dismissed the plaintiff's conversion count for failure to state a claim upon which relief can be granted, finding that there

- 3 -

was no allegation that any specific money was delivered to the defendant or that the defendant had any obligation to return the identical money. Id.

Here, Plaintiff alleges that Defendants converted moneys through the failure to pay her wages that she had earned while working at Wal-Mart. As in the Hutton case, there is no allegation that any specific money was delivered to Defendants or that Defendants had any obligation to return the identical money. Plaintiff cannot prove any set of facts in support of her conversion claim that would entitle her to relief. Even accepting the allegations in Plaintiff's Complaint as true and viewing them in the light most favorable to her, she cannot prevail on a claim for the conversion of money. See also Commerce Nat'l Ins. Servs., Inc. v. Buchler, Civ. No. 02-034-SLR, 2003 U.S. Dist. LEXIS 22429, at *17 (D. Del. Dec. 10, 2003) (Robinson, J.), aff'd, No. 04-1028, 2004 U.S. App. LEXIS 24991 (3rd Cir. Dec. 6, 2004) (observing that no Delaware court has recognized a cause of action for conversion of money as opposed to goods); Carlton Invs. v. TLC Beatrice Int'l Holdings, Inc., Civ. A. No. 13950, 1995 WL 694397, at *16 (Del. Ch. Nov. 21, 1995) (Allen, Ch.) (stating that conversion is not an available theory of recovery insofar as plaintiff complains of the payment to defendants of money or intangibles). Accordingly, Plaintiff's Third Cause of Action for conversion should be dismissed for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).

## II. PLAINTIFF'S FOURTH CAUSE OF ACTION FOR UNJUST ENRICHMENT/QUANTUM MERUIT/RESTITUTION FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Plaintiff's Fourth Cause of Action is for unjust enrichment/quantum meruit/restitution. Plaintiff alleges that Defendants "accepted and retained the wages earned by Plaintiff and the class" and that it is inequitable for Defendants not to be forced to return those wages to Plaintiff

and the class members. Plaintiff's action for unjust enrichment likewise fails to state a claim upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6).

The elements of unjust enrichment are:

> (1) an enrichment, (2) an impoverishment, (3) a relation between the enrichment and the impoverishment, (4) the absence of justification, and (5) the absence of a remedy at law.

Total Care Physicians, P.A. v. O'Hara, Civ. A. No. 99C-11-201-JRS, 2002 WL 31667901, at *10 (Del. Super. Ct. Oct. 29, 2002) (Slights, J.), citing Jackson Nat'l Life Ins. Co. v. Kennedy, 741 A.2d 377, 393 (Del. Ch. 1999). See also Grace v. Morgan, Civ. A. No. 03C-05-260-JEB, 2004 WL 26858, at *3 (Del. Super. Ct. Jan. 6, 2004) (Babiarz, J.).

When a plaintiff can avail itself of an adequate remedy at law, it cannot recover on a claim sounding in unjust enrichment. See, e.g., O'Hara, 2002 WL 31667901, at *10 ; R.M. Williams Co., Inc. v. Frabizzio, Civ. A. No. 90C-MY-10, 1993 WL 54423, at *14 (Del. Super. Feb. 8, 1993) (Goldstein, J.). For example, in Resource Ventures, Inc. v. Resources Management Int'l, Inc., 42 F. Supp.2d 423 (D. Del. 1999), this Court dismissed a claim for unjust enrichment pursuant to Rule 12(b)(6) because the plaintiff had alleged that a valid contract existed between it and the defendants. Id., 42 F. Supp.2d at 439-440.

Likewise, the allegations in Plaintiff's Complaint establish that she has an adequate remedy at law. Plaintiff has plead causes of action for failure to pay the minimum wage under 19 Del. C. § 902 (Minimum Wage Act) or to pay wages for all time worked pursuant to 19 Del. C. § 1102 (Wage Payment and Collection Act). Since Plaintiff has an adequate remedy at law, her cause of action for unjust enrichment should be dismissed for failure to state a claim upon which relief can be granted.

### III. PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED TO THE EXTENT PLAINTIFF SEEKS TO RECOVER UNPAID WAGES GOING BACK MORE THAN ONE YEAR

Plaintiff appears to seek damages for the period from January 1, 1997 to the present, a period in excess of eight years. Compl. ¶ 4. However, an action to recover on a claim for wages or overtime for work performed or for damages relating to a wage claim must be brought within one year of when the cause of action accrues. Specifically, 10 Del. C. § 8111 provides:

> No action for recovery upon a claim for wages, salary, or overtime for work, labor or personal services performed, or for damages (actual, compensatory or punitive, liquidated or otherwise), or for interest or penalties resulting from the failure to pay any such claim, or for any other benefits arising from such work, labor or personal services performed or in connection with any such action, shall be brought after the expiration of one year from the accruing of the cause of action on which such action is based.

10 Del. C. § 8111. See Compass v. American Mirrex Corp., 72 F. Supp.2d 462, 467 (D. Del. 1999) (claim for bonus governed by one year statute rather than three year statute for contractual obligations generally); Little Switzerland, Inc. v. Hopper, 867 A.2d 955 (Del. Ch. 2005) (claim for bonus governed by one-year statute rather than three-year statute for contractual obligations generally). Thus, Plaintiff may not recover for unpaid wages or overtime or for damages for any period prior to April 4, 2004, one year prior to the filing of her Complaint.

In an apparent attempt to toll the limitations period set forth in the Delaware statute, Plaintiff alleges that Defendants fraudulently concealed their "time shaving methodologies" and that she was unaware of these practices until the publication of a New York Times article on April 4, 2004. As the party asserting that tolling applies, Plaintiff bears the burden of pleading specific facts to demonstrate that the statute of limitations was, in fact, tolled. In re Dean Witter Partnership Litigation, Civ. A. No. 14816, 1998 WL 442456, at *6 (Del. Ch. July 17, 1998) (Chandler, C.).

>Significantly, if the limitations period is tolled under any of these theories [inherently unknowable injury, fraudulent concealment or equitable tolling], it is tolled *only until* the plaintiff discovers (or exercising reasonable diligence should have discovered) his injury. Thus, the limitations period begins to run when the plaintiff is *objectively* aware of the facts giving rise to the wrong, i.e., in inquiry notice.

Id.

Stated another way, "the limitations period is tolled until such time that persons of ordinary intelligence and prudence would have facts sufficient to put them on inquiry which, *if pursued*, would lead to the discovery of the injury." Id., at *7. "When it is clear from the face of the complaint that the statute of limitations bars a plaintiff's claims, despite an allegation of fraudulent concealment, dismissal is still appropriate." Id. at *4 n. 18.

The well-pleaded facts alleged in Plaintiff's Complaint and any reasonable inferences arising therefrom do not, as a matter of law, support her conclusory assertion that the limitations period on damages should be tolled. Even assuming that Plaintiff was not paid for all of the hours she worked, she could have discovered this fact at the time she received her paycheck. Surely Plaintiff, above anyone else, was aware of the amount of time that she worked, her rate of pay, and the actual pay that she received. A simple calculation would have disclosed whether or not she was being paid for all of the time that she claimed to have worked. Under the circumstances, a person of "ordinary intelligence and prudence" in Plaintiff's situation would have facts sufficient to put them on notice which, if pursued, would have lead to the discovery of the alleged injury. All of the pertinent facts were available to Plaintiff; it was not necessary for Plaintiff to learn the specifics of the alleged "time shaving methodologies" from The New York Times for her to be aware of the facts necessary to establish that she was not being paid for the time she worked, as she alleges.

- 8 -

In short, it is clear from the face of Plaintiff's Complaint that the one-year limitations period set forth in 10 Del. C. § 8111 bars any claim for damages allegedly suffered prior to April 4, 2004. Notwithstanding her conclusory assertions of fraudulent concealment, there is no basis for tolling the limitations period for damages. Plaintiff cannot, as a matter of law, recover damages for conduct occurring prior to April 4, 2004, one year before the filing of her Complaint. To the extent that she seeks to hold Defendants liable for conduct occurring prior to that date, her claims must be dismissed pursuant to Rule 12(b)(6).

## CONCLUSION

For all these reasons, Defendants respectfully request that this Court enter an Order dismissing Plaintiff's Third Cause of Action for common law conversion and Fourth Cause of Action for unjust enrichment/quantum meruit/restitution for failure to state a claim upon which relief can be granted under Rule 12(b)(6). Further, Defendants respectfully request that this Court dismiss Plaintiff's Complaint to the extent that she seeks damages for a period of more than one year prior to the filing of her Complaint for failure to state a claim upon which relief can be granted under Rule 12(b)(6).

- 9 -

        Respectfully submitted,
        WOLF, BLOCK, SCHORR and SOLIS-COHEN, LLP

        By: /s/ Barry Klayman
        Barry M. Klayman (#3676)
        1100 North Market Street, Suite 1001
        Wilmington, DE 19801
        Telephone: (302) 777-0313
        Fax: (302) 778-7813

        Attorneys for Defendants, Wal-Mart Stores, Inc.
        and Sam's West, Inc.

Dated: May 12, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on this date I caused a true and correct copy of the foregoing Opening Brief to be served upon counsel of record in the manner indicated, to his respective address as follows:

### BY E-FILING AND FIRST CLASS MAIL, U.S. POSTAGE PREPAID:

Gary S. Nitsche, P.A.
Weik, Nitsche, Dougherty & Componovo
1300 N. Grant Avenue, Suite 101
P.O. Box 2324
Wilmington, DE 19899
Attorneys for Plaintiff

/s/ Barry Klayman
Barry M. Klayman (#3676)

Dated: May 12, 2005