IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DORA JACKSON, on behalf of herself and all others similarly situated, | C. A. No. 05-269 - JJF |
| | Class Action |
| Plaintiff, | |
| v. | Jury Trial Demanded |
| WAL-MART STORES, INC., a Delaware corporation, and SAM'S WEST, INC., an Arkansas corporation, | |
| Defendants. | |

## REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Barry M. Klayman (#2676)
WOLF, BLOCK, SCHORR and SOLIS-COHEN, LLP
Wilmington Trust Center
1100 North Market Street, Suite 1001
Wilmington, DE 19801
Tel: (302) 777-0313
Fax: (302) 778-7813

Attorneys for Defendants, Wal-Mart Stores, Inc.
and Sam's West, Inc.

Dated: July 15, 2005

WIL:53146.1

# TABLE OF CONTENTS

**Page**

INTRODUCTION ..................................................................................................................1

ARGUMENT........................................................................................................................2

I.     As a Matter of Settled Delaware Law, No Claim for Conversion Exists for the Nonpayment of Wages..................................................................................................2

II.    Plaintiff Cannot Maintain a Cause of Action for Unjust Enrichment/Quantum Meruit/Restitution Because She Has an Adequate Remedy at Law ....................................4

III.   Plaintiff Has Not Pled Specific Facts to Demonstrate That The One- Year Statute of Limitations Period Should Be Tolled ...................................................................6

CONCLUSION.....................................................................................................................8

# TABLE OF AUTHORITIES

## CASES

Austin v. Independent Life and Accident Insurance Co., 370 S.E.2d 918 (S. Car. 1988) ..............3

Bank of the West v. Superior Court, 833 P.2d 545 (Cal. 1992) ..............5, 6

Carlton Investments v. TLC Beatrice International Holdings, Inc., Civ. A. No. 13850,
     1995 WL 694397 (Del. Ch. Nov. 21, 1995) ..............2, 4

Chase Manhattan Bank v. Iridium Africa Corp., 239 F.Supp. 2d 402 (D. Del. 2002) ..............5

Claytor v. Computer Associates International, Inc., 262 F. Supp. 2d 1188 (D. Kan. 2003) ..............4

Dean Witter Partnership Litigation, Civ. A. No. 14816, 1998 WL 442456 (Del. Ch. July
     17, 1998) ..............8

Fleer Corp v. Topps Chewing Gum, Inc., 539 A.2d 1060 (Del. 1988) ..............5

Goodrich v. E. F. Hutton Group, Inc., 542 A.2d 1200 (Del. Ch. 1988) ..............2

Lorber v. Beebe, 407 F. Supp. 279 (S.D. N.Y. 1975) ..............7

McCain v. P.A. Partners Limited d/b/a Best Western Inn, 445 So. 2d 271 (Ala. 1984) ..............4

Moore v. Barge, 436 S.E.2d 746 (Ga. App. 1993) ..............4

Owens v. Andrews Bank & Trust Co., 220 S.E.2d 116 (S. Car.1975) ..............3

Resource Ventures Inc. v. Resources Management International, Inc., 42 F. Supp. 2d 423
     (D. Del 1999) ..............4, 5

In the Matter of Penn Central Transportation Company, 831 F.2d 1221 (3rd Cir. 1987) ..............5

Thorpe by Castleman v. CERBCO, Inc., 676 A.2d 436 (Del. 1996) ..............5, 6

## STATUTES AND OTHER AUTHORITIES

53A Am. Jur. 2d, Money § 21 (1996) ..............3

10 Del. C. § 8111 ..............6

Delaware Minimum Wage Act, 19 Del. C. § 902..............................................................................4

Delaware Wage Payment and Collection Act, 19 Del. C. § § 1102, et seq. ....................................4

H.D. Warren, Annotation, Nature of Property or Rights Other than Tangible Chattels
       Which May be Subject of Conversion, 44 A.L.R.2d 927 (1954) ......................................3

## INTRODUCTION

Dora Jackson filed a complaint against Wal-Mart Stores, Inc. and Sam's West, Inc. (collectively "Wal-Mart") seeking the payment of allegedly unpaid wages. Although plaintiff has styled her complaint as a class action, the issue of class certification is not presently before the Court.

At issue here is whether, under the law of Delaware (which both parties agree is applicable), a claim of failure to pay earned wages can give rise to a common law damage claim for conversion and an equitable claim for unjust enrichment in addition to the express statutory remedy created by the Delaware legislature. Resolution of this issue requires application of settled legal principles and need not await further development of the facts. Thus, under the Federal Rules of Civil Procedure, defendants' motion to dismiss is ripe for resolution.

Also at issue is whether under Delaware law, Ms. Jackson's individual claim is subject to a one year statue of limitations. This issue has nothing to do with the prerequisites for class certification or limitations on the class period. Rather, the dispositive issue is whether under Delaware law, Ms. Jackson was on inquiry notice as to alleged shortages in her paycheck given her allegation that Wal-Mart repeatedly failed to compensate her for large portions of her work day.

Plaintiff's Opposition to Defendants' Motion to Dismiss ("Plaintiff's Opposition") (D.I. 7) cites irrelevant cases from jurisdictions such as South Carolina and California because Delaware law is against her. The Court should use this opportunity to streamline this case and allow discovery to focus on whether earned wages have or have not been paid in accordance with the Delaware wage payment statute.

WIL:53146.1

**ARGUMENT**

    I.    **As a Matter of Settled Delaware Law, No Claim for Conversion Exists for the Nonpayment of Wages.**

Plaintiff's argument that the tort of conversion is an available theory of recovery for the failure to pay wages is contradicted both by specific Delaware case law as well as traditional common law principles.

In particular, plaintiff argues that the decision in Goodrich v. E. F. Hutton Group, Inc., 542 A.2d 1200 (Del. Ch. 1988), should be read narrowly to apply only to conversion claims based upon failure to pay debts arising out of banking relationships. Plaintiff simply ignores the other Delaware cases relied upon by Wal-Mart in its opening brief which have nothing whatsoever to do with the banking industry. See Defendants' Opening Brief in Support of Motion to Dismiss at 3-4 ("Defendants' Opening Brief") (D.I. 3).

Chancellor Allen's decision in Carlton Investments v. TLC Beatrice International Holdings, Inc., Civ. A. No. 13850, 1995 WL 694397, at *16 (Del. Ch. Nov. 21, 1995), comprehensively reviewed the history of the tort of conversion in Delaware. Chancellor Allen concluded:

> Conversion is the "wrongful exercise of dominion over the property of another in denial of his right, or inconsistent with it." Drug, Inc. v. Hunt, Del.Supr., 168 A. 87, 93 (1933). An action for conversion has traditionally applied to the wrongful exercise of dominion over tangible goods. See RESTATEMENT (SECOND) OF TORTS § 222A, See cmt. a. Following a modern trend, Delaware courts have tentatively expanded the doctrine to encompass some intangible goods where the intangible property relations are merged into a document. See Drug, Inc. v. Hunt, Del.Supr., 168 A. 87, 93 (1933) (specific stock certificates); see generally, Mastellone v. Argo Oil Corp., 82 A.2d 379, 382-83 (1951) (stock certificates). Plaintiff here argues for an expansion of conversion to encompass wrongful taking of the right to occupy space and the right to the services of the jet plane. We do not, however, have a shortage of available legal theories of recovery should plaintiff prove the factual elements of this case. There is no

WIL:53146.1

2

>need to attempt to craft new theories of recovery of this type. <u>Therefore I conclude that conversion is not an available theory of recovery to plaintiff insofar as it complains of the payment of money by TLC Beatrice or the intangibles not represented in an instrument.</u> (Emphasis added).

This rule in Delaware has also been a continuous rule of English and American common law for hundreds of years. H. D. Warren, Annotation, <u>Nature of Property or Rights Other than Tangible Chattels Which May be Subject of Conversion</u>, 44 A.L.R. 2d 927, § 7(a) (1954) (citing English cases beginning in 1601 that prohibit claims for conversion of nonspecific monies); 53A Am. Jur. 2d, <u>Money</u> § 21 (1996) ("As a general rule, an action lies for the conversion of money only where there is an obligation resting on the defendant not to convert to his or her own use specific coin or notes.... Illustration: An employer's withholding of money from its employee's wages without written authority constituted a breach of the employment contract, not conversion.")

The South Carolina case relied upon by plaintiff has no applicability to this case. In <u>Owens v. Andrews Bank & Trust Co.</u>, 220 S.E. 2d 116 (S. C.1975), the Court held that a bank committed a conversion by failing to deliver a specific Christmas Club check issued and made payable to a customer, because it was an identifiable check. <u>Id.</u> at 120 ("The Bank itself specifically identified and designated the sums belonging to plaintiff by issuing its check No. 29916, drawn and made payable to plaintiff in the amount of $879.00. The Bank's refusal to deliver the check, which represented plaintiff's funds, upon demand, and its use of the check for its own wrongful and illegal purpose to the plaintiff's detriment, constituted the tort complained of.") In a later case, <u>Austin v. Independent Life and Accident Ins. Co.</u>, 370 S.E. 2d 918 (S. C. 1988), the Court distinguished <u>Owens</u> and held that an insurance company did not commit

WIL:53146.1                              3

conversion by improperly retaining commissions received from an insured which had been deposited in its general account because the commissions were nonspecific monies.[1]

Plaintiff offers no explanation why the failure to pay wages should be treated any differently than the failure to pay other nonspecific monies. Indeed, if plaintiff's argument were to prevail, every breach of contract case in Delaware involving nonpayment of money would be transformed into a tort case. Neither the law in Delaware, nor the great weight of authority, supports such a result.

As Chancellor Allen concluded in Carlton Investments, there is no shortage of available legal theories of recovery should plaintiff prove the factual elements of her case. There is no need to attempt to craft new theories of recovery of this type. Plaintiff's conversion claim should be dismissed for failure to state a cause of action upon which relief can be granted.

## II. Plaintiff Cannot Maintain a Cause of Action for Unjust Enrichment/ Quantum Meruit/Restitution Because She Has an Adequate Remedy at Law.

Plaintiff concedes that the Delaware Minimum Wage Act and Wage Payment and Collection Act, 19 Del. C. §§ 902 &1102, et. seq., provide her with a fully effective means to recover all unpaid wages which may be due her. Plaintiff's Opposition does not even attempt to address or distinguish the cases cited by Wal-Mart, including this Court's decision in Resource Ventures Inc. v. Resources Management Int'l., Inc., 42 F. Supp. 2d 423 (D. Del 1999), holding that plaintiff cannot recover on a claim sounding in unjust enrichment when she otherwise has an adequate remedy at law. See Defendants' Opening Brief at 5.

---

[1] Although there is no need for this Court to look beyond Delaware law, other states have uniformly rejected applicability of the law of conversion to employee wage disputes. See, e.g., Claytor v. Computer Associates International, Inc., 262 F. Supp. 2d 1188 (D. Kan. 2003)(applying Kansas law); Moore v. Barge, 436 S.E. 2d 746 (Ga. App. 1993); McCain v. P.A. Partners Limited d/b/a Best Western Inn, 445 So. 2d 271 (Ala. 1984).

Plaintiff erroneously looks to provisions in the Delaware Rules of Civil Procedure to argue that she should be allowed to plead in the alternative. The Federal Rules of Civil Procedure apply to this action now that it has been removed. While the Federal Rules also permit pleading in the alternative, they do not permit an equitable cause of action to proceed on the merits where the plaintiff has pled, on the face of her complaint, an adequate remedy at law. The issue is not one of alternative pleading; rather, the existence of a legal remedy by definition precludes the availability of plaintiff's equitable cause of action. See, e.g., Resource Ventures Inc., supra; see also In the Matter of Penn Central Transportation Company, 831 F.2d 1221 (3rd Cir. 1987) (existence of an express contract precludes the existence of an implied contract); Chase Manhattan Bank v. Iridium Africa Corp., 239 F.Supp.2d 402 (D. Del. 2002).

Plaintiff seems to suggest that Wal-Mart's repayment to her of any wages found to be due together with interest and any other relief afforded by Delaware law is insufficient, and that equitable principles would somehow permit some other unspecified remedy. However, the cases cited by plaintiff in support of this argument all involve circumstances in which no legal relief was available to plaintiff. See, e.g., Fleer Corp v. Topps Chewing Gum, Inc., 539 A.2d 1060 (Del. 1988).

Plaintiff cites Thorpe by Castleman v. CERBCO, Inc., 676 A.2d 436 (Del. 1996), and Bank of the West v. Superior Court, 833 P.2d 545 (Cal. 1992), to argue that her cause of action for restitution is proper because Wal-Mart was unjustly enriched by purportedly failing to pay her for work she performed. Plaintiff relies on these cases for the proposition that Wal-Mart should be required to "disgorge any benefits and/or profits" resulting from its alleged failure to pay wages. However, neither case addresses the availability of a cause of action for unjust

enrichment where there is otherwise an adequate remedy at law. These cases are therefore inapposite.

Thorpe was a shareholder derivative action that alleged that controlling shareholders of a company breached their duty of loyalty by usurping a corporate opportunity. The court held that because there had been a breach of fiduciary duty, there had to be a remedy in equity even though the corporation itself had suffered no direct harm. Here, in contrast, there is no allegation, nor could there be, that Wal-Mart was in a fiduciary relationship with plaintiff, and the plaintiff, if her allegations are proven, has suffered a direct harm for which she has a full and complete remedy at law. Bank of West, a case applying California law, is even more remote. It deals with the question of whether the term "damages" for insurance purposes includes all forms of monetary relief, including disgorgement orders, and holds that insurable damages do not include costs incurred in disgorging money that has been wrongfully acquired. In so doing, the court discusses the difference between compensatory damages and restitution, but does not suggest anything that would support plaintiff's assertion of a cause of action for unjust enrichment/quantum meruit/restitution in the face of an available statutory remedy.

Plaintiff has a complete and effective remedy at law for the injury that she alleges. Under these circumstances, her equitable cause of action should be dismissed for failure to state a claim upon which relief may be granted.

### III. Plaintiff Has Not Pled Specific Facts to Demonstrate That The One-Year Statute of Limitations Period Should Be Tolled.

Plaintiff's Opposition does not dispute that 10 Del. C. § 8111 provides for a one-year statute of limitations applicable to this case. Plaintiff nevertheless argues that "the class period should not be limited to one year."

WIL:53146.1                                     6

Wal-Mart's motion does not even discuss the class period, let alone attempt to limit it to one year. At the appropriate time, Wal-Mart will be prepared to advance numerous arguments as to why class certification is not appropriate at all, and to address the length of the class period.

At this time, Wal-Mart is simply seeking a determination that the named plaintiff, Dora Jackson, cannot assert a claim on her own behalf to damages outside of the one year statutory period, because (1) her complaint does not allege that she was unaware of wage shortages in her paycheck; and (2) her complaint pleads facts which establish, as a matter of law, that she was on actual or inquiry notice of shortages in her paycheck. The instant motion is entirely separate and distinct from a motion for class certification. The motion is addressed to the substance of plaintiff's own claim. There is nothing in Rule 23 which precludes the court from examining the merits of plaintiff's individual claims on a proper Rule 12 motion to dismiss prior to consideration of a motion for class certification. Lorber v. Beebe, 407 F. Supp. 279, 291n.11 (S.D. N.Y. 1975).

Specifically, plaintiff alleges in her complaint that Wal-Mart repeatedly failed to pay her for all hours worked. Compl.¶ 5. Among her allegations is that when she failed to properly clock out at the end of a work day, Wal-Mart managers would clock her out one minute after the start of her shift, thereby depriving her of four hours of pay for the shift. Plaintiff's Opposition at 3. The purported absence of those hours and the pay should would have received for those allegedly missing hours would have been reflected on the face of plaintiff's paycheck.

Based upon these allegations, it is obvious that plaintiff, like any other hourly worker would have every reason to know that money was missing from her paycheck. Notably absent from plaintiff's complaint is any allegation that she was unaware of these large wage shortages.

Rather, what plaintiff alleges in her complaint is that she was unaware of the <u>methods</u> allegedly used by Wal-Mart to not pay its hourly associates all of their earned wages. Plaintiff claims that it was not until she read an article in <u>The New York Times</u> that she became aware of the extent and nature of Wal-Mart's alleged practices in this regard. Compl. ¶¶ 20, 24.

Under Delaware law, plaintiff's allegations are simply insufficient to overcome the applicable limitations period. Wal-Mart's alleged concealment of the manner and means by which employees were not properly compensated was not concealment of the <u>fact</u> of the purported under-compensation, which plaintiff could and presumably did discover from examination of her own paycheck.[2]

Plaintiff Jackson did not need to read <u>The New York Times</u> to know that her paycheck was short. Her claim for lost wages beyond one year should be dismissed.

## CONCLUSION

For these reasons, and the reasons stated in Defendants' Opening Brief, defendants request that this Court enter an Order dismissing plaintiff's Third Cause of Action for common law conversion and Fourth Cause of Action for unjust enrichment/quantum meruit/restitution for failure to state a claim upon which relief can be granted under Rule 12(b)(6), and dismissing plaintiff's Complaint to the extent that she seeks damages for a period of more than one year prior to the filing of her Complaint, also for failure to state a claim upon which relief can be granted under Rule 12(b)(6).

---

[2] In <u>In re Dean Witter Partnership Litigation</u>, Civ. A. No. 14816, 1998 WL 442456 (Del. Ch. July 17, 1998), a case cited in Wal-Mart's Opening Brief, plaintiffs made a similar claim that they did not realize the extent of fraud against them until reading a Wall Street Journal article. The Court held that plaintiffs were on inquiry notice of possible claims by virtue of investment losses reported in published annual reports.

          Respectfully submitted,
WOLF, BLOCK, SCHORR and SOLIS-COHEN, LLP

By: *[signature: Barry Klayman]*
Barry M. Klayman (#2676)
Wilmington Trust Center
1100 North Market Street, Suite 1001
Wilmington, DE 19801
Tel: (302) 777-0313
Fax: (302) 778-7813

Attorneys for Defendants, Wal-Mart Stores, Inc. and Sam's West, Inc.

Dated: July 15, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on this date I caused a true and correct copy of the foregoing Reply Brief to be served upon all counsel of record in the manned indicated, to his respective address as follows:

### BY E-FILING AND FIRST CLASS MAIL, U.S. POSTAGE PREPAID:

Gary S. Nitsche, P.A.
Weik, Nitsche, Dougherty & Componovo
1300 N. Grant Avenue, Suite 101
P.O. Box 2324
Wilmington, DE 19899
Attorneys for Plaintiff

*/s/ Barry Klayman*
Barry M. Klayman (#3676)

Dated: July 15, 2005

WIL:53146.1