05-cv-269 (JJF)

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE: | : | |
| | : | MDL DOCKET NO. _____ |
| **WAL-MART WAGE AND HOUR** | : | |
| **EMPLOYMENT PRACTICES** | : | |
| **LITIGATION** | : | |

## MOTION OF PLAINTIFF NANCY HALL FOR TRANSFER
## AND CONSOLIDATION OF RELATED ACTIONS
## TO THE DISTRICT OF NEVADA
## PURSUANT TO 28 U.S.C. § 1407

Movant, Nancy Hall, ("Plaintiff") hereby respectfully moves the Judicial Panel on

Multidistrict Litigation for an Order, pursuant to 28 U.S.C. § 1407: (1) transferring six

related putative class actions, currently pending in Nevada, Alaska, Idaho, South Dakota,

Delaware and Hawaii as well as any cases that may subsequently be filed asserting

similar or related claims, to the United States District Court for the District of Nevada;

and (2) consolidating those actions for coordinated pretrial proceedings. A list of all

pending related actions are enclosed in the accompanying Schedule of Related Actions.

Nancy Hall, in support of her motion for transfer and consolidation of coordinated pretrial proceedings, avers as follows:

    1.    The six actions for which transfer and consolidation are proposed arise out of the same conduct and allege virtually identical claims. Each action is brought on behalf of current and former hourly-paid employees of Wal-Mart Stores, Inc. and Sam's West, Inc. (collectively "Wal-Mart"). All six actions allege that Wal-Mart systematically failed to pay its hourly employees for all time worked, including overtime hours, as well as failed to provide employees with accurate itemized statements. The complaints allege violations of various state minimum wage and/or overtime statutes, conversion, unjust enrichment/quantum meruit/restitution and fraudulent concealment.

    2.    The centralization of the six actions in a single judicial district for consolidated pretrial proceedings will promote the just and efficient conduct of these actions, will serve the convenience of all parties and witnesses, and will promote the interest of justice. The actions listed in the Schedule of Related Actions are all premised on virtually identical factual allegations and therefore involve "one or more common questions of fact," including:

        a.   Whether Wal-Mart failed to pay its employees for all time worked;

        b.   Whether Wal-Mart is liable for conversion as a result of surreptitiously deleting time worked from it payroll database to avoid paying Plaintiff and the Class for all hours worked;

        c.   Whether Wal-Mart wrongfully exercised and continues to exercise dominion over monies and property owed to Plaintiff and the Class for work performed;

    d.  Whether Wal-Mart violated state minimum wage statutes by failing to pay employees at least the minimum wage for all time worked;

    e.  Whether Wal-Mart violated state laws by failing to timely pay its employees for all time worked;

    f.  Whether Wal-Mart violated state laws by failing to keep accurate payroll records;

    g.  Whether Wal-Mart violated state overtime and/or wage statutes as a result of its time shaving practices and/or its failure to pay former employees for all hours worked;

    h.  Whether Wal-Mart acted toward Plaintiff and the Class with malice and a reckless disregard for the rights of the class members;

    i.  Whether Plaintiff and the Class are entitled to equitable and/or injunctive relief;

    j.  Whether Wal-Mart took steps to actively conceal the conduct alleged herein from Plaintiff and the Class; and

    k.  Whether Wal-Mart's electronic databases contain virtually all of the data from which Plaintiff can objectively establish that Wal-Mart's uniform time shaving practices routinely occurred on a class-wide basis.

    3.     Consolidation of the actions before a single court will conserve judicial resources, reduce the costs of litigation, prevent potentially inconsistent pretrial rulings, eliminate what would otherwise be duplicative discovery, and permit the cases to proceed to trial more efficiently.

4.    The action *Hall v. Wal-Mart Stores, Inc. and Sam's west, Inc.*, Case No. CV 05-01099 pending in the District of Nevada has been assigned to the Honorable Philip M. Pro. The *Hall* action is procedurally the most advanced. Responsive pleadings have been served, a scheduling order has been proposed and discovery has been initiated.[1]

5.    Aside from Nevada and Alaska, each of the other related actions is in the very early stages of litigation, in that no responsive pleadings have been filed and/or no discovery has been conducted.

6.    The proposed transfer and consolidation in the District of Nevada "will be for the convenience of parties and witnesses and will promote the just and efficient conduct" of these actions because it is expected that each Plaintiff in the six actions, will request the same documents and depose the same witnesses in order to prove their respective cases.

7.    No particular district is the center of gravity for this litigation.

8.    The District of Nevada is a convenient forum for all parties and is best suited to preside over the coordinated pretrial proceedings of these actions. While not in the center of the United States, Nevada is conveniently located in the mid-west and easily accessible from virtually any state in the country. Indeed, there are thousands of flights to and from McCarran International Airport in Las Vegas, including non-stop flights from the states at issue here.

---

[1] While discovery has also been initiated in the Alaska proceeding, Plaintiff respectfully suggests that Alaska would not be an appropriate forum given both the small number of stores involved as well as the obvious logistical problems associated with litigating these related cases in that distant forum.

9.    Plaintiff's Motion is based on the accompanying memorandum of law, the filed pleadings and papers and other materials that may be presented to the Panel before or at the time of any hearing in this matter.

WHERFEFORE, Plaintiff respectfully requests that the Panel order that the six actions pending in Nevada, Alaska, Idaho, South Dakota, Delaware & Hawaii as well as any cases that may be subsequently filed asserting related or similar claims, be transferred to the District of Nevada for consolidated and coordinated proceedings.

Dated: November 3, 2005                    Respectfully submitted,

Robert J. Bonsignore (Mass BBO #547880)
Daniel D'Angelo (Mass. BBO # 547880)
BONSIGNORE & BREWER
23 Forest Street
Medford, MA 02155
Telephone:  (781) 391-9400

Dirk Ravenholt (Nevada Bar # 6101)
RAVENHOLT & ASSOCIATES
2013 Alta Drive
Las Vegas, NV 89106
Telephone: (702) 647-0110

**COUNSEL FOR MOVANT,
NANCY HALL**