IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DORA JACKSON, on behalf of herself and all others similarly situated, ) ) ) ) | |
| Plaintiff, ) ) | C.A. No. 05-269 JJF |
| v. ) ) | CLASS ACTION |
| WAL-MART STORES, INC., a Delaware corporation and SAM'S WEST, INC., a Delaware corporation, ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. ) | |

**PLAINTIFF'S FRCP RULE 26 INITIAL DISCLOSURES**

Pursuant to the Scheduling and Planning Order of July 8, 2005 and Rule 26(a)(1) of the Federal Rules of Civil Procedure, Plaintiff Dora Jackson hereby makes the following initial disclosures.

**A.    INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION**

1. Greg Thompson

2. Mona Williams

3. Don Swann

4. Tom Coughlin

5. The payroll managers and accounting personnel at Defendants' Delaware stores. These persons, whose identity is not yet known to Plaintiff, are believed to have knowledge concerning Defendants' time manipulation practices in regard to the underpayment of hourly employees.

All of the above individuals are present or former employees of Defendants, and their addresses and telephone numbers are not known to Plaintiff. These individuals are expected to have relevant information concerning Defendants' practices of underpaying

1

hourly employees through time shaving, alteration of payroll data, and requiring off-the-clock work.

   6.  Dora Jackson
      c/o Weik, Nitsche, Dougherty & Componovo
      1300 North Grant Avenue, Sutie 101
      Wilmington, DE  19806
      (302) 655-4040

      Plaintiff Jackson was an hourly employee of Defendant Wal-Mart Stores, Inc. and has knowledge concerning the circumstances of her employment.

**B.    DOCUMENTS, DATA COMPILIATIONS, AND TANGIBLE THINGS IN THE POSSESSION OF PLAINTIFF**.

1.    New York Times article by Steven Greenhouse entitled "Altering of Worker Time Cards Spurs Growing Number of Suits" dated April 4, 2004, and correction dated April 7, 2004;

2.    Wal-Mart personnel training videotape and transcript dated April 2003, entitled "Clarifications to Payroll Procedures;"

3.    Internal Audit dated July 17, 2000; draft of the same dated July 14, 2000;

4.    Email from Dale Sneed to Senior Executives dated July 21, 2000 re: the internal audit of July 17, 2000;

5.    Email dated March 30, 2000, and titled "manual update," from Sondra Stidham of Wal-Mart's Internal Audit department to Lisa Shaw and other recipients;

6.    Videotaped address given by Wal-Mart Vice President Don Swann to personnel managers from across the United States at the 2003 Annual Shareholders' meeting;

7.    Affidavit of Martin M. Shapiro in Support of Plaintiffs' Motion for Reconsideration/Request for Leave to File a Second Amended Complaint Based Upon Newly Discovered Evidence, dated August 4, 2004, and filed with the Middlesex Superior Court of the Commonwealth of Massachusetts;

8.    Tom Coughlin's Five Non-Negotiables/Commitments to hourly employees, and "We Commit To You" Poster concerning the same;

9. Wal-Mart's PD-43 Policy, including all posters, memoranda and/or other materials provided to stores/employees regarding the same;

10. Wal-Mart's Payroll Scheduling Guide;

11. Wal-Mart's Store Manager Guide;

12. Wal-Mart's 2005 S.E.C. Form 10(k) and Annual Report;

13. Grass Roots Memos (compilations of employee complaints) re: Understaffing;

14. Corporate directives re: Adherence to Preferred Schedule;

15. Corporate directives re: Increasing annual sales while also decreasing payroll costs;

16. Coaching for Improvement Forms;

17. Corporate directives re: No Overtime Policy;

18. Management Level Evaluation Forms/Criteria;

19. Payroll training videotape sent to *all* store managers and district managers in the United States on April 24, 2003.

All of the foregoing documents have been produced by Defendants to Plaintiff's counsel in like litigation in other jurisdictions or pertain to third party studies of Defendants' practices in regard to the underpayment of hourly employees through the manipulation of payroll data and/or by requiring off-the-clock work. All of the foregoing documents are in the possession of Defendants.

Pursuant to Rule 34, Plaintiff has requested that Defendants produce the following databases relating to the compensation of Defendants' hourly employees in the State of Alaska, each of which should be readily and immediately available to Defendants, with the possible exception of the Point of Sale database. Plaintiff anticipates that data from these databases will be used to support Plaintiff's claims, and these Disclosures will be supplemented as appropriate after receipt of these databases. These databases are:

1. Associate Database;
2. Payroll Database;

3

3. Cash Office Database;

4. Common Database;

5. PeopleSoft Database;

6. Computer Based Learning Database;

7. Point of Sale Database.

**C.** **DAMAGES**

Unknown at this time.

**D.** **INSURANCE AGREEMETS**

Not applicable.

          WEIK, NITSCHE, DOUGHERTY & COMPONOVO


BY: /s/ GARY S. NITSCHE_____
     GARY S. NITSCHE, P.A./I.D. No. 2617
     1300 N. Grant Avenue, Suite 101
     P. O. Box 2324
     Wilmington, DE  19899
     (302) 655-4040
     Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

I, Gary S. Nitsche, Esquire hereby, certify that on November 28th, 2005, I had hand delivered the Plaintiff's FRCP Rule 26 Initial Disclosures to

Barry M. Klayman, Esquire
Wolf, Block, Schorr & Solis-Cohen
1100 North Market Street, Suite 1001
Wilmington, DE  19801

      WEIK, NITSCHE, DOUGHERTY & COMPONOVO


    BY: /s/ GARY S. NITSCHE
      GARY S. NITSCHE, P.A./I.D. No. 2617
      1300 N. Grant Avenue, Suite 101
      P. O. Box 2324
      Wilmington, DE  19899
      (302) 655-4040
      Attorney for Plaintiff