Case 2:06-cv-00225-PMP-PAL    Document 2    Filed 02/17/2006    Page 3 of 6

A CERTIFIED TRUE COPY
FEB 16 2006
ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FILED
ENTERED
COUNSEL/PARTIES OF RECORD
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FEB 16 2006
FILED
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:                          DEPUTY
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

**DOCKET NO. 1735**

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE WAL-MART WAGE AND HOUR EMPLOYMENT PRACTICES LITIGATION*

*John McFarlin v. Wal-Mart Stores, Inc., et al.*, D. Alaska, C.A. No. 3:05-94
*Dora Jackson v. Wal-Mart Stores, Inc., et al.*, D. Delaware, C.A. No. 1:05-269
*Tammy L. Poha, et al. v. Wal-Mart Stores, Inc., et al.*, D. Hawaii, C.A. No. 1:05-697
*Reginald Paul Jackson, et al. v. Wal-Mart Stores, Inc., et al.*, D. Idaho, C.A. No. 1:05-424
*Nancy Hall v. Wal-Mart Stores, Inc., et al.*, D. Nevada, C.A. No. 2:05-1099
*John Luce v. Wal-Mart Stores, Inc., et al.*, D. South Dakota, C.A. No. 1:05-1019

**BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,[*] ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL**

## TRANSFER ORDER

This litigation currently consists of six actions pending, respectively, in the District of Alaska, the District of Delaware, the District of Hawaii, the District of Idaho, the District of Nevada, and the District of South Dakota.[1] Before the Panel is a motion brought, pursuant to 28 U.S.C. § 1407, by plaintiff in the District of Nevada action for coordinated or consolidated pretrial proceedings in the District of Nevada. Plaintiffs in all actions support plaintiff's motion, along with plaintiffs in the potential tag-along actions in the District of Nebraska and the District of Wyoming. Defendants Wal-Mart Stores, Inc., and Sam's West, Inc. (collectively Wal-Mart) oppose the motion. In the alternative, defendants suggest the District of Wyoming, where a potential tag-along action is pending, or the Western District of Arkansas, where defendants are based, as appropriate alternative transferee fora in the event the Panel orders transfer over their objections.

---

[*] Judge Motz took no part in the decision of this matter.

[1] The Panel has been notified of five additional actions pending respectively in the District of Maine, the District of Montana, the District of Nebraska, the District of Utah, and the District of Wyoming. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

- 2 -

On the basis of the papers filed and hearing session held, the Panel finds that these six actions involve common questions of fact, and that centralization under Section 1407 in the District of Nevada will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. The actions share questions of fact arising out of similar allegations that defendants systematically failed, through various means, to pay its hourly employees for all of their time worked. Plaintiffs claim, among other things, that defendants: 1) altered employee records to make it appear as if the employees' workdays ended one minute after their meal period concluded, effectively denying employees their pay for the three or four hours of work that they performed after the meal period; 2) deleted overtime hours that employees worked in excess of 40 hours; 3) deleted employee time clock punches so that employees would not be paid for an entire day or afternoon of work; and 4) altered employee time records, which made it appear as if employees took meal periods when in fact they did not, resulting in unauthorized deductions from employees' paychecks in the amount of 30 or 60 minutes per occurrence. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery; prevent inconsistent rulings on pretrial motions; and conserve the resources of the parties, their counsel, and the judiciary.

Wal-Mart opposes centralization, in part, because several state court actions concerning certain aspects of its employment practices are at various stages of litigation across the nation. Centralization will not foster increased efficiency in the vast majority of such actions, Wal-Mart asserts. This argument, however, misses the mark. Considering the actions before the Panel, efficiencies can be realized by centralizing pretrial proceedings before one judge.

Wal-Mart also maintains that transfer should be denied because individual issues will be a focus of these actions and voluntary coordinating efforts, such as a recently executed document sharing agreement covering some actions, are preferable to Section 1407 transfer. We disagree. While we applaud every cooperative effort undertaken by parties to any litigation, transfer under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: 1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976); and 2) ensures that pretrial proceedings will be conducted in a streamlined manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties and the judiciary.

The Panel is persuaded that the District of Nevada is an appropriate transferee district for this litigation. This district is centrally and relatively conveniently located to most actions and enjoys the support of all responding plaintiffs, including responding plaintiffs in potential tag-along actions. In addition, this tribunal has the necessary resources that this type of litigation will likely require.

- 3 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions pending outside the District of Nevada are transferred to the District of Nevada and, with the consent of that court, assigned to the Honorable Philip M. Pro for coordinated or consolidated pretrial proceedings with the action pending in that district.

FOR THE PANEL:

_[signature]_

Wm. Terrell Hodges
Chairman

I hereby attest and certify on 3/15/06 that the foregoing document is a full, true and correct copy of the original on file in my legal custody.

CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA

By _____ H. Walters Deputy Clerk